IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**BRUCE EDWARD BINGHAM, JR.**,            §
                                          §
    Petitioner,                            §
                                          §
v.                                        §   Civil Action No. **3:19-CV-2716-L-BK**
                                          §
**DIRECTOR, TEXAS DEPARTMENT**            §
**OF CRIMINAL JUSTICE**                   §
**CORRECTIONAL INSTITUTIONS**             §
**DIVISION**,                             §
                                          §
    Respondent.                            §

## **ORDER**

On April 15, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 31) was entered. The Report recommends that the court dismiss with prejudice this habeas action, which was brought pursuant to 28 U.S.C. § 2254, and Petitioner's related claims for prosecutorial misconduct and ineffective assistance of counsel for failure to allege cognizable claims under the federal standard applicable in habeas corpus proceedings. The magistrate judge also recommended that Petitioner's request for an evidentiary hearing be denied. Petitioner filed objections to the Report (Doc. 34) in which he continues to maintain that his right to a fair trial, due process at trial, and effective assistance of counsel were violated, and he argues that he is entitled to an evidentiary hearing. Petitioner also disagrees that certain state court determinations are entitled to any deference.

Having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and accepts them as those of the court. The court, therefore, **overrules** Petitioner's objections; **denies** his Petition for Writ of

Habeas Corpus by a Person in State Custody (Doc. 3); **denies** his request for an evidentiary hearing; and **dismisses with prejudice** this section 2254 habeas action for the reasons stated in the Report.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts and incorporates** by reference the Report. In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed in forma pauperis on appeal.

**It is so ordered** this 31st day of May, 2021.

Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.